# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDRE TODD,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY L. HEDGPETH, et al.,<br><br>    Defendants. | CASE NO. 1:08-cv-01504-SKO PC<br><br>ORDER DENYING MOTION<br><br>(Doc. 33)<br><br>and<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT DILL SHOULD NOT BE DISMISSED FROM THIS ACTION<br><br>SHOW CAUSE DUE WITHIN 30 DAYS |

    Plaintiff Michael Andre Todd ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 21, 2010, Plaintiff filed a motion "seeking a court order of service for 'associate warden-Dill (or Dell), chief medical, defendant.'" (Doc. #33.)

    Plaintiff's motion seeks "a court order of service, from the Department of Correction[sic] and Rehabilitation, to provide the U.S. Marshal,[sic] the employment address or home address, business phone or home phone number, to serve 'associate warden-Dill/or Dell, chief medical' at Kern Valley State Prison, Defendant in this complaint." (Pl.'s Mot. Seeking a Court Order of Service 1:20-26, ECF No. 33.) Defendant Dill has not been served and has not otherwise made an appearance in this action. On August 26, 2009, a summons was returned unexecuted as to Defendant Dill, indicating that Dill was no longer employed at Kern Valley State Prison and there was no forwarding information available.

1

"'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Id. at 1421-22. The information provided by Plaintiff was insufficient to allow the U.S. Marshal to locate and serve Defendant Dill. There is no indication that the failure to effect service was due to the U.S. Marshal's failure to perform his or her duties.

The Court will deny Plaintiff's motion. The unexecuted summons indicated that Defendant Dill was no longer employed at Kern Valley State Prison and there was no information regarding his whereabouts in the "CDC locator" database. Thus it appears that CDCR does not have any information regarding Defendant Dill's whereabouts. It is Plaintiff's responsibility to provide the U.S. Marshal with the information necessary to effect service of process on Defendant Dill. The Court will order Plaintiff to show cause why Defendant Dill should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) due to Plaintiff's failure to effect service of process on Dill.[1]

Accordingly it is HEREBY ORDERED that:

1. Plaintiff's January 21, 2010 motion is DENIED; and
2. Plaintiff shall SHOW CAUSE within thirty (30) days of the date of service of this order why Defendant Dill should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) due to Plaintiff's failure to effect service of process.

IT IS SO ORDERED.

**Dated:   September 1, 2010**           /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] If Plaintiff has any updated information regarding Defendant Dill's whereabouts, he should provide that information to the Court.