# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDRE TODD, | CASE NO. 1:08-cv-01504-GBC (PC) |
| Plaintiff, | ORDER DENYING WITH LEAVE TO AMEND PLAINTIFF'S MOTION TO COMPEL |
| v. | (Doc. 69) |
| ANTHONY L. HEDGPETH, et al., | ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN DISCOVERY FOR LIMITED PURPOSE |
| Defendants. | (Doc. 63) |
| | ORDER STRIKING DUPLICATIVE MOTIONS (Doc. 60; Doc. 67) |
| | ORDER AMENDING DISCOVERY AND SCHEDULING ORDER |
| | Amended Discovery Deadline (Limited): 11/05/2012 |
| | Amended Pretrial Dispositive Motion Deadline: 12/03/2012 |

## I.  Procedural History

Plaintiff Michael Andre Todd ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 6, 2008. Doc. 1. The Court screened Plaintiff's original complaint pursuant to 28 U.S.C. § 1915A, and found that it stated cognizable claims against defendants: 1) Dill; 2) Keldgord; 3) Hedgpeth; and 4) Lopez ("Defendants") for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. Docs. 13, 15, 16. Plaintiff gave notice to the Court of his willingness to proceed on the cognizable claims found in the original complaint. Doc. 14.

1       On December 14, 2011, the Court issued an amended scheduling order in which the deadline
2 for discovery was April 2, 2012. Doc. 59. On April 18, 2012, Plaintiff's motion to compel was
3 filed. Doc. 60. However, due to a prison handling error, it was metered on June 14, 2010, and
4 submitted to the Court over a year later. Doc. 60. On April 23, 2010, Plaintiff filed a motion
5 seeking to modify the scheduling deadline. Doc. 63. On May 2, 2010, Defendants file an opposition
6 to Plaintiff's motion to compel and motion to modify the discovery deadline. Doc. 66. On May 23,
7 2012, Plaintiff resubmits an updated version of his previous motion to compel. *Compare* Doc. 60
8 *with* Doc. 69.

## II. Motion to Reopen Discovery

      Given Plaintiff's pro se status and that his motion to compel was delay through no fault of his own and since Defendants had been granted multiple extensions of time to submit their motion for summary judgement, in the interest of fairness the Court will grant Plaintiff's motion and will reopen discover for the limited purposes of addressing the remaining discovery motion. Doc. 63.

## III. Motions to Compel dated April 18, 2012, and May 7, 2012

      Plaintiff's original motion to compel dated June 14, 2010, was filed on April 18, 2012. Doc. 60. On May 23, 2012, Plaintiff resubmitted an updated substantively identical motion. *Compare* Doc. 60 *with* Doc. 69. Additionally, Plaintiff's motion to compel filed on May 7, 2012, (Doc. 67) is identical to Plaintiff's motion filed on May 23, 2012, (Doc. 69). Therefore, Plaintiff's motions to compel filed April 18, 2012 (Doc. 60) and May 7, 2012, are HEREBY STRICKEN as duplicative.

## IV. Motion to Compel dated May 23, 2012

### A. Legal Standard

      "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason. *E.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A

responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(A).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant under Rule 26(b)(1) and why Defendants' objections are not justified.

### B. Motion to Compel

In this instance, Plaintiff motioned to compel the production of documents which in fact is an initial request for documents. Doc. 69. In response to Plaintiff's motion to compel, Defendants argue that Plaintiff has failed to meet the procedural requirements to successfully bring a motion to compel. Doc. 66. Plaintiff's motion to compel simply describes what discovery Plaintiff asserts he is requesting from Defendants.

Plaintiff is requesting that the Court issue an order requiring Defendants to produce certain documents. However, Plaintiff must first request discovery from Defendants and if Defendants fail to make a disclosure required by Rule 26(a) of the Federal Rules of Civil Procedure, then Plaintiff may seek a motion to compel. *See* Fed.R.Civ.P. 37(a)(1) and (a)(3)(A). When bringing a motion to compel discovery responses, the moving party shall set forth each discovery request and the response that is at issue. *See* E.D. Cal. Local Rule 34-250.3(c); E.D. Cal. Local Rule 36-250(c).

Plaintiff's motion is procedurally defective because Plaintiff must first ask Defendants for discovery, and if they refuse, Plaintiff's motion must: 1) include Plaintiff's requests for discovery; and 2) discuss why Defendants' responses were inadequate or why Plaintiff's is entitled to the requested production by showing that the information sought is relevant under Rule 26(b)(1). Based on the foregoing, Plaintiff's discovery motion is DENIED. Doc. 69.

### C. Leave To File Amended Motion

1  The preference of this Court is not to adjudicate motions for procedural defects that can be
2  readily cured, as is the case here. Thus, the Court will grant Plaintiff leave to amend his motion to
3  compel filed May 23, 2012.  Plaintiff must first seek discovery from the Defendants and amend his
4  motion by submitting Defendants' responses to his request for production of documents and
5  discussing in detail why the objections are not unfounded and why the information sought is relevant
6  under Rule 26(b)(1).  If Plaintiff chooses to file an amended motion to compel, Plaintiff must due
7  so within thirty (30) days from the date of service of Defendant's response.
8  ///
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**V.      Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to reopen discovery filed on April 23, 2012, (Doc. 63) is GRANTED to the limited extent that Plaintiff can pursue discovery within the scope of his motion filed on May 23, 2012;

2. Plaintiff's motion to compel filed on May 23, 2012, (Doc. 69) is DENIED with leave to amend;

3. Plaintiff's motions to compel filed on April 18, 2012, (Doc. 60) and filed on May 7, 2012, (Doc. 67) are HEREBY STRICKEN as duplicative;

4. Plaintiff has **thirty (30) days** from the date of service of this order within which to serve a request for the production of documents on Defendants, limited to the content requested in Plaintiff's motion to compel filed on May 23, 2012;[1]

5. Plaintiff has **thirty (30) days** from the date of service of Defendant's response to file a motion to compel, if any;

6. The discovery deadline is extended to **November 5, 2012**, to allow for this limited round of discovery;[2] and

7. The pretrial dispositive motion deadline is extended to **December 3, 2012**.

IT IS SO ORDERED.

Dated:   June 26, 2012

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant has forty-five days to respond, pursuant to the discovery and scheduling order (Doc. 23).

[2] If Plaintiff fails to serve a document production request within thirty days, discovery will close. The deadline of November 5, 2012, is dependant upon compliance with this thirty day deadline.