# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDRE TODD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | Case No.  1:08-cv-01504-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING PRODUCTION OF DOCUMENTS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO POSTPONE AS MOOT<br><br>(ECF Nos. 77 & 80) |

Plaintiff Michael Andre Todd ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 6, 2008. This action is proceeding against Defendants Keldgord, Lopez, Hedgpeth, and Dill on Plaintiff's Eighth Amendment claim for deliberate indifference.  On July 30, 2012, Plaintiff filed a motion requesting the production of documents.  (ECF No. 77.)  On September 4, 2012, Plaintiff filed a motion requesting the postponement of a summary judgment ruling until the Court addressed Plaintiff's' motion for the production of documents.  (ECF No. 80.)

Discovery in this case initially closed on April 2, 2012.  (ECF No. 59.)  On June 26, 2012, the Court reopened discovery for a limited purpose.  (ECF No. 75.)  The Court cautioned Plaintiff as to the rules of discovery and specifically instructed Plaintiff that he must first make a discovery request to Defendants prior to filing a motion to compel.  Id. at 3.  The Court granted

1  Plaintiff thirty (30) days in which to file his discovery request with Defendants.

2        Plaintiff failed to heed the Court's prior warning and did not make his discovery request
3  to Defendants prior to filing the present motion to compel. Plaintiff is again requesting that the
4  Court issue an order requiring Defendants to produce certain documents. However, Plaintiff was
5  required to first request discovery from Defendants.  If Defendants failed to make a disclosure
6  required by Rule 26(a) of the Federal Rules of Civil Procedure, only then could Plaintiff seek a
7  motion to compel. See Fed .R. Civ. P. 37(a)(1) and (a)(3)(A). When bringing a motion to compel
8  discovery responses, the moving party shall set forth each discovery request and the response
9  that is at issue. See E.D. Cal. Local Rule 34-250.3(c); E.D. Cal. Local Rule 36-250(c).  Thus,
10 Plaintiff's motion is procedurally defective.[1] Accordingly,

11       IT IS HEREBY ORDERED that:

12       1.      Plaintiff's July 30, 2012 motion for the production of documents is DENIED; and

13       2.      Plaintiff's September 4, 2012 motion to postpone is DENIED as MOOT.

15 IT IS SO ORDERED.

17    Dated:  **July 9, 2013**                                

                                          UNITED STATES MAGISTRATE JUDGE

---

[1] The Court further notes that Plaintiff's motion requesting documents did not comply with the Court's June 26, 2012 order to open discovery for a limited purpose. (ECF No. 75.) Contrary to the Court's order, Plaintiff attempts to expand the scope of discovery beyond his May 23, 2012 request for documents.  Due to Plaintiff's overly broad discovery requests, the Court likely would not have granted Plaintiff's motion to compel even absent the procedural deficiencies described in this order.