UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDRE TODD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANTHONY L. HEDGPETH, et al.,<br><br>　　　　Defendants. | Case No.: 1:08-cv-01504-SAB (PC)<br><br>ORDER DENYING DEFENDANTS' AND PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 26, 2013, ORDER, DENYING IN PART AND GRANTING IN PART SUMMARY JUDGMENT<br><br>[ECF Nos. 99, 100] |

Plaintiff Michael Andre Todd is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States magistrate judge.

On August 26, 2013, the undersigned granted in part and denied in part Defendants' motion for summary judgment. Specifically, summary judgment was granted in favor of Defendants Dill and Kelgord and denied as to Defendants Lopez and Hedgpeth. (ECF No. 96.) In denying summary judgment as to Defendants Lopez and Hedgpeth, the undersigned found that assuming Defendants Lopez and Hedgpeth received Plaintiff's letter requesting medical assistance, a material issue of facts exists as to whether they were deliberately indifferent to Plaintiff's serious medical needs.

Now pending before the Court is a motion for reconsideration filed by Defendants Lopez and Hedgpeth. Plaintiff filed an opposition on Defendants' motion on October 30, 2013, and Defendants filed a reply on November 7, 2013.

1

# I.

# DISCUSSION

### A.     Applicable Standard

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). In addition, "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and "recapitulation … of that which was already considered by the Court in rendering its decision."'" U.S. v. Westlands Water Dist., 134 S.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Defendants seek reconsideration pursuant to Local Rule 230(j) which provides:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
>
> (1)     when and to what Judge or Magistrate Judge the prior motion was made;
>
> (2)     what ruling, decision, or order was made thereon;
>
> (3)     what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
>
> (4)     why the facts or circumstances were not shown at the time of the prior motion.

///

///

///

**B.      Defendants Lopez and Hedgpeth**

Defendants claim reconsideration is warranted based on recent authority issued by this Court. (Defns' Mot., at 4-5.) Defendants argue there is insufficient evidence to support the finding that they personally participated in the deprivation of Plaintiff's constitutional right to adequate medical treatment.[1]

Defendants rely on the finding in Mallett v. McGuinness, case number 1:07-cv-00721-LJO-GBC (PC), 2012 WL 5422020 (E.D. Cal. Nov. 6, 2012), and argue that participation in the appeals process is insufficient to demonstrate that the prison official actually knew of and acted in conscious disregard of a known serious risk, when the institution had determined that the particular knee brace was not a "medical necessity." Id. at *5. Defendants also cite another decision issued in this Court in Beyett v. O'Brien, case number 1:08-cv-01367-DLB PC, 2009 WL 3112407 (E.D. Cal. Sept. 23, 2009), which found no liability based on prison officials actions in the appeals process. Id. at *3.

While other district court opinions are not binding authority,[2] to the extent they have persuasive value, the cited cases by Defendants are distinguishable. In McGuinness, summary judgment was granted in favor of defendant because, unlike in Jett v. Penner, infra, the plaintiff failed to show deliberate indifference based on the defendant's responses to the inmate appeals which demonstrated that he "did not willfully turn a 'blind eye' to constitutional violations." McGuinness, 2012 WL at *5.

In O'Brien, on the facts of that case, liability for deliberate indifference was not found where in response to the inmate appeal defendant investigated and interviewed four of the defendants. Here, as stated in the Court's August 26, 2013, order, defendant were put on

---

[1] Defendants initially filed their motion for summary judgment on May 2, 2012.

[2] See United States v. Ensminger, 567 F.3d 587, 591 (9th Cir. 2009) ("'[A] district court opinion does not have binding precedential effect,' especially one from another federal circuit." (quoting NASD Dispute Resolution, Inc. v. Jud. Council of Cal., 488 F.3d 1065, 1069 (9th Cir. 2007); see also McGinley v. Houston, 361 F.3d 1328, 1331 (11th Cir. 2004) ("The general rule is that a district judge's decision neither binds another district judge nor binds him, although a judge ought to give great weight to his own prior decisions."); ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 547 F.3d 109, 112 (2d Cir. 2008) ("District court decisions . . . create no rule of law binding on other courts.").

3

1  specific notice of his lack of medical treatment by Plaintiff's letter dated March 18, 2008,
2  addressed specifically to each of them. Defendants failed to respond to Plaintiff's letter and he
3  did not receive any treatment until approximately five months thereafter.
4  　　　　As noted in its order on summary judgment, the Court relies upon the Ninth Circuit's
5  decision in Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), which directly supports the
6  Court's finding that Defendants Lopez and Hedgpeth are not entitled to summary judgment.
7  Defendants acknowledge the decision in Jett, but argue that a policy issue may arise if prison
8  administrators may be found liable based on their involvement in the appeals process. (Defns'
9  Mot., at pp. 3, fn.2, 5 fn.5.) Defendants further argue in Jett the prisoner's record was "replete
10 with evidence showing the delay [in setting and casting a broken thumb] was harmful." (Id.)
11 The Court does not find Defendants' argument persuasive. While defendants may not agree
12 with the Ninth Circuit's decision in Jett, the fact remains that Ninth Circuit authority is binding
13 on the United States District Court in the Eastern District of California, irrespective of the
14 "policy considerations." See Hart v. Massanari, 266 F.3d 1155, 1172 (9th Cir. 2001) ("an
15 opinion of our circuit is binding within our circuit"). The Court is mindful of Defendants'
16 policy arguments regarding Jett, however, Jett is the law of this Circuit and Defendants have
17 not articulated why Jett is not binding on this Court or its facts are distinguishable to their case.
18 It is not the trial court's role to consider the type of policy arguments made by Defendants
19 regarding binding Ninth Circuit precedent.
20 　　　　As stated in the Court's August 26, 2013, order, the factual circumstances present in
21 this case are analogous to those present in Jett. In Jett, the Ninth Circuit found a triable issue
22 of fact regarding deliberate indifference as to whether prison administrators knowingly failed
23 to respond to the inmate's requests for help. Jett, 439 F.3d at 1098. Although administrators
24 indicated that they were not aware of Mr. Jett's condition until the lawsuit, the plaintiff was
25 entitled to an inference at the summary judgment state that the administrators received the
26 letters plaintiff swore he sent to them. Id. (citing Moore v. Jackson, 123 F.3d 1082, 1087 (9th
27 Cir. 1997) (finding a trial issue of fact existed as whether the administrator of the correctional
28 facility received the letter sent by the inmate, which the administrator denied receiving.) As

noted above, in their motion for reconsideration, Defendants have failed to address this case other than the policy argument that "[a] policy issue may arise in cases where the 2006 <u>Jett</u> decision is strictly adhere to – in the absence of evidence of serious injury from a delay in care, a prisoner is nonetheless permitted to hail into federal court any administrator to whom he has lodged a complaint, which renders the entire prison appeals process toothless." (Defns' Mot., at pp. 3, fn.2, 5 fn. 5.)

      Here, Plaintiff submitted evidence of dated copies of the letters he sent to Defendants Lopez and Hedgpeth placing them on notice of his condition and need for medical care. Plaintiff's medical records revealed that additional physical therapy was recommended which allegedly caused him severe and chronic pain. In March 2007, Plaintiff was diagnosed with "chondromalacia of the patella, along with synovitis of the right knee and tearing of the medical meniscus and tearing at the anterior horn of the lateral meniscus." (ECF No. 96, 3:25; 4:1-2.) On May 30, 2007, Plaintiff received surgery to his right knee. The surgeon recommended that Plaintiff be provided with: 1) ACL orthopedic stabilizing right knee brace; and 2) physical therapy to strengthen, rehabilitate and condition Plaintiff's knee." (ECF No. 96, 4:4-6.) Plaintiff alleges he was not provided medical treatment for sixteen months following his surgery, and he re-injured his knee several times during this time period that resulted in constant pain and suffering causing him to be unable to walk or engage in physical exercise. (ECF No. 96, 4:7-20.)

      Defendants provide nothing to contradict this fact other than the mere fact that they did not receive Plaintiff's letter requesting medical treatment. Defendants did not support their position with any medical evidence and the record is devoid of any expert witness's analysis from Defendants regarding Plaintiff's knee condition. (ECF No. 96, 10:19-22.) As the evidentiary record presently stands on summary judgment, there is still a material fact as to whether Defendants were deliberately indifferent to Plaintiff's serious medical need. Thus, contrary to Defendants' argument, the record supports the finding that Plaintiff's untreated legal condition caused chronic, substantial pain, sufficient at the summary judgment stage, to support a finding that the delay in treatment caused Plaintiff further harm.

///

1    Defendants Lopez and Hedgpeth, while not involved in the appeals process, were put
2  on notice specifically by Plaintiff's letter to them dated March 18, 2008.  As stated in the
3  August 26, 2013, order, "[a]lthough Defendants held supervisory positions at KVSP and were
4  not personally involved in Plaintiff's day-to-day care, Plaintiff has submitted sufficient
5  evidence [by way of dated letters] to show that Defendants were on notice of his serious need
6  for medical care."  (ECF No. 96, 8:1-3.)
7    Contrary to Defendants' argument, they are not absolved of Eighth Amendment
8  liability because an inmate appeal response was issued on March 17, 2008-the day prior to
9  Plaintiff's letter, which noted that he had been referred for an orthotic consultation and a PT
10 consultation.  (Defs' Ex. J, to Summ. J. Mot.)  Despite the fact that Defendants fail to indicate
11 whether they had knowledge of the appeal response issued on March 17, 2008, the fact remains
12 that Plaintiff was not provided medical treatment for his knee for approximately five months
13 following his request for help from Defendants Lopez and Hedgpeth, even though on January
14 29, 2008, it was recommended that Plaintiff receive physical therapy on an urgent basis.  The
15 fact that Plaintiff sent a letter to each defendant was sufficient to alert them to inquire and
16 respond to Plaintiff's medical needs.  Under Jett, this is sufficient to demonstrate that
17 Defendants Lopez and Hedgpeth participated in and knew of the alleged violations.  The
18 determination whether defendants had sufficient knowledge as to Plaintiff's serious medical
19 need, and whether they were subjectively, deliberately indifference, is a determination that
20 must be made by the factfinder.  Therefore, summary judgment is not appropriate, and
21 defendants have not set forth facts or law of a strongly convincing nature to induce the Court to
22 reverse its prior decision.
23   Defendants also seek reconsideration and request to file supplemental briefing
24 regarding their entitlement to qualified immunity.  The Ninth Circuit settled the law regarding
25 deliberate indifference in the treatment of orthopedic injuries as to prison administrators in
26 2006, prior to the incidents at issue here, when it decided Jett v. Penner, 439 F.3d 1091.  As
27 stated in the Court's August 26, 2013, order, "A prisoner's right to medical care has long been
28 established, Estelle, 429 U.S. at 104-105, and by 2008, it was certainly clearly established that

prison administrators are deliberately indifference when they knowingly fail to respond to an inmate's requests for help, and a reasonable official would have known that he could not ignore or disregard an inmate's claim that he was repeatedly being denied treatment prescribed for him by a physician. Jett, 439 F.3d at 1098; Clement, 298 F.3d at 906." (ECF No. 96, 15:8-13.) Defendants have failed to demonstrate any new or different factual circumstances to support their argument for qualified immunity, and their motion for reconsideration and request to file supplemental briefing must be denied.

### C. Defendants Dill and Keldgord

Plaintiff makes vague reference to the fact that he is seeking reconsideration of the Court's August 26, 2013, order granting summary judgment in favor of Defendants Dill and Keldgord. (Opp'n, at 1:15-19.)

Plaintiff has failed to identify what grounds, facts or circumstances warrant reconsideration of the Court's August 26, 2013, order. After reviewing the evidence submitted, the Court concluded that "in responding to Plaintiff's December 17, 2007, letter, . . . in light of the circumstances at that time, Defendants acted reasonably in response to Plaintiff's complaint of inadequate medical care." (ECF No. 96, 13:3-5.) Plaintiff merely attempts to reargue the factual allegations and circumstances already considered by the Court in ruling on the Defendants' motion for summary judgment. Reconsideration is not a vehicle by which to obtain a second bite at the apple based on mere disagreement with a ruling; it is reserved for extraordinary circumstances. United States v. Westland Water Dist., 134 F.Supp.2d at 1131; see also In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989). Accordingly, Plaintiff's motion to reconsider the summary judgment ruling as to Defendants Dill and Keldgord must be denied.

//
//
//
//
//

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that Defendants' and Plaintiff's motions for reconsideration of the Court's August 26, 2013, order denying in part and granting in part Defendants' motion for summary judgment are DENIED.

IT IS SO ORDERED.

Dated:   **December 16, 2013**

UNITED STATES MAGISTRATE JUDGE