UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANDRE TODD,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY L. HEDGPETH, et al.,<br><br>    Defendants. | Case No.: 1:08-cv-01504-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING COURT TO OBTAIN ATTENDANCE OF ALL PLAINTIFF'S EXPERT UNINCARCERATED WITNESSES<br><br>[ECF No. 116] |

    Plaintiff Michael Andre Todd is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    Now pending before the Court is Plaintiff's motion requesting the Court to obtain the attendance of all Plaintiff's unincarcerated expert witnesses, filed April 7, 2014.

    Federal Rule of Evidence 706 authorizes the appointment of a neutral expert witness. The appointment of an independent expert witness pursuant to Rule 706 is within the court's discretion, Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999), and may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue…." Ledford v. Sullivan, 105 F.3d 354, 358-359 (7th Cir. 1997).

    Rule 706 is not a means to avoid in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses, Manriquez v. Huchins, 2012 WL 5880431, *12

(E.D. Cal. 2012), nor does Rule 706 contemplate court appointment and compensation of an expert as an advocate for Plaintiff, Faletogo v. Moya, 2013 WL 524037, *2 (S.D. Cal. 2013).

On March 25, 2014, the Court granted Plaintiff's motion for the attendance of unincarcerated witnesses: Marshal S. Lewis, Ismail Patel, Sharon Zamora, Catherin Moody, Steven Fama, Tobias Smith, Emma Rosenbush, and Zow Schonfeld.  In that order, the Court advised Plaintiff of the applicable witness and mileage fees as to each potential witnesses, the deadline expired on April 2, 2014.  However, to date Plaintiff has failed to submit a money order.

As Plaintiff was previously advised in the Court's trial scheduling order, issued January 27, 2014, it is his responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.  The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress, see Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989), and the in forma pauperis statute does not authorize the expenditure of public funds for the purpose sought by Plaintiff in the instant request.  Plaintiff's present motion is nothing more than an attempt to avoid the in forma pauperis status and prohibition against using public funds to pay expenses of expert witnesses as an advocate for Plaintiff.  Accordingly, Plaintiff's motion requesting the Court to obtain the attendance of all his uincarcerated expert witnesses must be DENIED.

IT IS SO ORDERED.

Dated:   **April 11, 2014**

UNITED STATES MAGISTRATE JUDGE

2